UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:11-cr-0427 TLN CKD P |
|---|---|
| Respondent, | |
| v. | ORDER AND |
| MICHAEL KENNEDY, | FINDINGS AND RECOMMENDATIONS |
| Movant. | |

Movant was sentenced in this matter on November 30, 2017 to 364 days imprisonment after he plead guilty to misprision of felony. On January 10, 2020, movant filed a motion seeking habeas corpus relief under 28 U.S.C. § 2255.

On February 19, 2020, the court directed respondent to file a response to the motion. Respondent requested an extension of time to respond and the request was granted April 9, 2020. The response is now due June 8, 2020.

On April 23, 2020, movant submitted an opposition to the granting of an extension. Alternatively, movant seeks a stay of an order directing that he be removed from the United States to Russia by Immigration and Customs Enforcement (ICE) and an order that he be released from ICE custody until his § 2255 motion is resolved.

Review of the court's file reveals when movant submitted his § 2255 motion in January he was in ICE custody in Georgia. Also, at that point, the sentence imposed in this matter had been

1 fully served. This being the case, the court does not have jurisdiction over a § 2255 motion

2 pertaining to movant's conviction in this matter. Title 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A person seeking federal habeas corpus relief must be "in custody" under the conviction or sentence under attack at the time § 2255 motion is filed. See Maleng v. Cook, 490 U.S. 488, 491 (1989).

The court notes that movant's ICE detention and pending removal are a collateral consequence of the conviction entered in this matter as it appears removal is based upon the conviction. However, the Supreme Court has specifically found that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. at 492.

For these reasons, the court does not have jurisdiction to hear a § 2255 challenge to the conviction and sentence entered in this matter and the court will recommend that movant's pending § 2255 motion be denied.

Accordingly, IT IS HEREBY ORDERED that the court's February 19, 2020 order directing respondent to file a response to movant's motion seeking habeas corpus relief under 28 U.S.C. § 2255 is vacated.

IT IS HEREBY RECOMMENDED that:

1. Movant's motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 339) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:20-cv-0083 TLN CKD.

/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 28, 2020

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
kenn0427.sd