UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MICHAEL KENNEDY,<br><br>Movant. | No. 2:11-cr-0427 TLN CKD P<br><br><br><br>ORDER |

On January 10, 2020, movant filed a motion seeking habeas corpus relief under 28 U.S.C. § 2255. On April 28, 2020 the court recommended that the motion be denied as the court determined movant was not "in custody," as that term is understood under § 2255, when the motion was filed:

> In this matter, movant was sentenced on November 30, 2017 to 364 days imprisonment after he plead guilty to misprision of felony. . .
>
> Review of the court's file reveals when movant submitted his § 2255 motion in January he was in ICE custody in Georgia. Also, at that point, the sentence imposed in this matter had been fully served. This being the case, the court does not have jurisdiction over a § 2255 motion pertaining to movant's conviction in this matter. Title 28 U.S.C. § 2255 provides:
>
> > A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

1

>sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
>A person seeking federal habeas corpus relief must be "in custody" under the conviction or sentence under attack at the time the § 2255 motion is filed. See Maleng v. Cook, 490 U.S. 488, 491 (1989).

Movant objects to the court's recommendation that his § 2255 motion be denied. As a result of the objections, the court has ascertained that while movant was sentenced on November 30, 2017, he did not begin serving his sentence until May 18, 2018. ECF No. 304 at 2. As movant was ordered to serve a one-year term of supervised release after release from prison, his sentence did not expire until May 2020, well after movant's § 2255 motion was filed. Being subject to supervised release satisfies the "in custody" requirement for a § 2255 motion. E.g. Matus-Leva, 287 F.3d 758, 761 (9th Cir. 2002).

Accordingly, IT IS HEREBY ORDERED that:

1. The court's April 28, 2020 findings and recommendations are vacated;
2. Respondent shall file a response to movant's motion seeking habeas corpus relief under 28 U.S.C. § 2255 within 30 days; and
3. Movant's traverse, if any, is due on or before thirty days from the date respondent's answer is filed.

Dated: June 30, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
kenn0427.vac