UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>MICHAEL SEAN KENNEDY,<br><br>Movant. | No. 2:11-cr-0427 TLN CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is proceeding pro se with a motion for habeas corpus relief under 28 U.S.C. § 2255. On September 29, 2016, movant pled guilty to misprision of felony, a violation of 18 U.S.C. § 4. On November 30, 2017, he was sentenced to 364 days imprisonment. Movant's sentence has been served and he has been removed to Russia by Immigration and Customs Enforcement as a result of his conviction. ECF No. 387.

Movant asserts he was not aware that he could be deported as a result of his guilty plea. Evidence before the court indicates movant's trial counsel consulted with and referred movant to an immigration expert in order to determine if movant's plea of guilty to misprision of felony would render movant automatically deportable. ECF 339 at 33. At some point before June 9, 2014, the expert told movant "things should be fine." Id. at 34.

/////

/////

1

The following appears in movant's plea agreement signed by movant September 29, 2016:

> D.  Impact of Plea on Defendant's Immigration Status
>
> Defendant recognizes that pleading guilty may have consequences with respect to his immigration status . . . Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

ECF No. 232 at 12.  There is nothing in the record suggesting trial counsel told movant to disregard this provision of the plea agreement which movant signed.

At the change of plea hearing occurring September 29, 2016, movant was asked whether he was entering his plea of guilty pursuant to the express terms of the plea agreement and movant responded "yes."  ECF No. 389 at 9.  When asked if any promises had been made to plaintiff outside of the terms expressed in the plea agreement, movant responded "no."  Id. at 11.  When asked if he understood that his plea of guilty could result in movant's being deported from the United States, movant responded "yes."  Id. at 12.

At movant's November 30, 2017 sentencing hearing, movant's counsel argued as follows:

> And although I asked for 12 months and a day . . . Mr. Kennedy wants me to ask for 364 days because even though he's consulted with an immigration attorney, he still foresees immigration problems because he's a legal resident. . .

ECF No. 391 at 14.

"Before deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel."  Padilla v. Kentucky, 559 U.S. 356, 364 (2010) (internal quotations omitted).  With respect to counsel's advice to plead guilty, a violation of the Sixth Amendment occurs if counsel's advice was not "within the range of competence demanded of attorneys in criminal cases."  McMann v. Richardson, 397 U.S. 759, 771 (1970).  In Padilla, the Supreme Court found that when the deportation consequences following a particular plea of guilty are "truly clear," failure to inform the person pleading guilty as to the consequences is not within the

2

range of competence identified above.  Padilla, 559 U.S. at 369.  In those situations where deportation consequences are unclear or uncertain, i.e. "when the law is not succinct and straightforward" an attorney must advise their client that pleading guilty "may carry a risk of adverse immigration consequences."  Id.

In Padilla, the defendant, a native of Honduras and lawful permanent resident of the United States, pled guilty to the transportation of a large amount of marijuana in Kentucky.  Id. at 359.  The Supreme Court found specifically that

> Padilla's counsel could have easily determined that his plea would make him eligible for deportation simply from reading the text of the statute, which addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses.  Instead, Padilla's counsel provided him false assurance that his conviction would not result in his removal from this country.  This is not a hard case in which to find deficiency: The consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect.

Id. at 368-69.

It appears from the record that throughout the trial court proceedings, movant was a resident of Florida.  E.g. ECF Nos. 291 at 4; 339 at 32.  As part of his sentence, the trial court recommended that movant be housed in or near Florida.  ECF No. 293.  Movant was initially housed in Georgia.  ECF No. 304 at 2.  In light of these facts, the court assumes trial counsel was on notice before movant pled guilty that Eleventh Circuit law would most likely apply to any removal proceedings.  That was in fact the case as removal proceedings took place in Georgia.  ECF No. 339 at 36 & 39.

Essentially, an immigration judge ordered movant removed, finding movant's crime of misprision of felony amounted to an aggravated felony under 8 U.S.C. §101(a)(43)(M)(i) because it "involves fraud or deceit in which the loss to the . . . victims exceed $10,000."  ECF No. 339 at 42.  As noted by the judge, the elements of misprision of felony do not explicitly include "fraud or deceit" and, up until that point, neither the Eleventh Circuit, nor the Board of Immigration Appeals (BIA) had determined whether a misprision of felony could provide a basis for an aggravated felony finding under 8 U.S.C. §101(a)(43)(M)(i).  Id.  The judge noted that, in other

contexts, both the Eleventh Circuit and the BIA had found that the element of "concealment" in misprision of felony amounted to "dishonest, fraudulent or deceitful behavior." Id. That being the case, the judge found that misprision of felony does amount to an aggravated felony under 8 U.S.C. §101(a)(43)(M)(i). Id.

The court notes that before movant pled guilty, the Fifth Circuit had found that misprision of felony does entail deceit, thereby satisfying the statutory definition of an aggravated felony under 8 U.S.C.A. § 1101(a)(43)(M)(i). Patel v. Mukasey, 526 F.3d 800, 803 (5th Cir. 2008). To date, this appears to be the only published decision by a federal court addressing this specific issue.

As suggested above, at the time movant plead guilty, the law in the Eleventh Circuit was neither "succinct nor straightforward" to the degree described in Padilla as to whether movant would be ordered removed as a consequence of his plea of guilty to misprision of felony. Movant's removal status could not be ascertained by "simply from reading the text of the statute," and the relevant statute indeed identifies "a broad classification of crimes," i.e. crimes involving "fraud or deceit." This being the case, trial counsel was not under an obligation pursuant to Padilla to inform movant that he would be removed as a result of his plea, but rather to inform him that removal was a possibility. The record before the court, as highlighted above, indicates that counsel's duty was discharged. Further, it appears that counsel went over and above her duties arising under the Sixth Amendment by either retaining or referring movant to an immigration expert in an attempt to provide the best guidance possible concerning movant's removal status.

The court also finds that any suggestion by movant that he somehow believed, based upon the representation of counsel, that he would absolutely not be removed is belied by the record. The plea agreement, the transcripts of the change of plea proceedings and the transcript of the sentencing proceedings all indicate movant was aware of the genuine risk of deportation.

In light of the forgoing, the court will recommend that movant's § 2255 motion be denied. The court notes that movant also filed a motion on August 11, 2020 that his removal be stayed. The court will recommend that motion be denied as it is moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's request that his removal be stayed (ECF No. 359) be denied as moot;

2. Movant's January 10, 2020 motion for habeas corpus relief under 28 U.S.C. § 2255 be denied; and

3. The Clerk of the Court be directed to close the companion civil case No. 2:20-cv-0083 TLN CKD P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant may address whether a certificate of appealability should issue in the event she files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 6, 2021

*[signature: Carolyn K. Delaney]*

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1 kenn0427.2255